THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REDFIN CORPORATION,

              Plaintiff,

   v.

IPAYONE.COM, LLC,

              Defendant.

Case No. C17-001217-RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion for Protective Order, Motion to Seal, and Motion to Compel. Dkt. ## 25, 35, 36.

**I.    BACKGROUND**

On August 11, 2017, Plaintiff Redfin Corporation ("Redfin") filed this lawsuit against Defendant iPayOne.com, LLC ("iPayOne"), seeking a declaratory judgment that it has not misappropriated any iPayOne trade secrets under federal law, Washington state law, and California state law. Dkt. # 1. Redfin also seeks a declaratory judgment that it did not breach a nondisclosure agreement. *Id.* On October 30, 2017, pursuant to a stipulation by the parties, Redfin filed an Amended Complaint that contained further allegations regarding iPayOne's entity status and other related allegations. Dkt. ## 20, 22. iPayOne then filed an answer and counterclaim against Redfin on November 2,

2017, alleging that Redfin misappropriated iPayOne's trade secrets and breached a nondisclosure agreement. Dkt. # 23.

## II. DISCUSSION

### A. Motion to Seal

As a preliminary matter, Redfin filed a Motion to Seal Exhibit 13 submitted in support of its Motion to Compel. Dkt. # 35. Exhibit 13 was provided by iPayOne to Redfin and iPayOne has designated it as confidential. Pursuant to Local Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g).

The exhibit at issue is the Amended Trade Secret Identification provided by iPayOne to Redfin. Dkt. # 38. iPayOne alleges that it contains "confidential business information that has not been disclosed to any person other than Redfin." *Id*. However, iPayOne's four-sentence explanation does not meet the requirements of Local Rule 5(g) or the applicable legal standard. iPayOne does not provide a "specific statement of the applicable legal standard", the legitimate private or public interest that warrant the relief sought, the injury that will result if relief is not granted, and why a less restrictive alternative to the relief sought is not sufficient. Therefore, Redfin's Motion to Seal is **DENIED**. Dkt. # 35. However, the Court gives iPayOne leave to file a modified Response that is in compliance with the Local Rules and applicable legal standard.

### B. Motion for Protective Order

A district court has discretion under Federal Rule of Civil Procedure 26(c) to limit discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1);

*Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

The parties agreed that iPayOne would identify its alleged trade secrets as part of their joint discovery plan. Dkt. # 18. Redfin alleges that this trade secret disclosure does not sufficiently identify the alleged trade secrets and seeks a protective order from the Court barring further discovery related to trade secrets until iPayOne identifies them with more particularity. Dkt. # 25. Redfin urges the Court to apply § 2019.210 of the California Uniform Trade Secrets Act ("CUTSA") to this case to prevent iPayOne from "improperly rummaging through Redfin's internal documents." Dkt. # 25. Pursuant to CUTSA, "the party alleging the misappropriation shall identify the trade secret with reasonable particularity" before commencing discovery relating to the trade secret. Cal. Civ. Proc. Code § 2019.210. iPayOne does not dispute Redfin's request to apply § 2019.210 to this case, but argues that its' trade secret disclosure is sufficient and in keeping with the statute's purpose of "dissuad[ing] the filing of meritless complaints." Dkt. # 28.

After review of iPayOne's Trade Secret Identification (Dkt. # 29 Ex. 2) and Amended Trade Secret Identification (Dkt. # 38), as well as other exhibits submitted by the parties, the Court finds that iPayOne has identified the alleged misappropriated trade secrets with "reasonable particularity". The Court notes that the purpose of § 2019.210 is to give notice of the issues that may arise at trial and provide reasonable guidance in ascertaining the boundaries of appropriate discovery. *See Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-CV-00253-WHO, 2018 WL 692022, at *4 (N.D. Cal. Feb. 2, 2018). iPayOne's Amended Trade Secret Identification indicates that the allegedly misappropriated trade secrets originate out of several conference calls between iPayOne and Redfin employees, and identifies the trade secrets as the success metrics of certain marketing strategies and campaigns, market research, and other aspects underlying its "1% commission structure". Dkt. # 38. This information is sufficient to give Redfin notice of what issues may arise later in this litigation as well as the scope of appropriate

discovery. As such, the Court finds that iPayOne has sufficiently defined its trade secrets for the purposes of § 2019.210[1]. Redfin's Motion for Protective Order is **DENIED**. Dkt. # 25.

### C. Motion to Compel

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any relevant discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

At issue in both Redfin's Motion to Compel and Motion for Protective Order is Redfin's insistence that iPayOne describe its alleged trade secrets in greater detail, and iPayOne's refusal to do so until Redfin produces documents in response to iPayOne's Requests for Production. Redfin requests that the Court compel iPayOne respond to its Interrogatories 1-6 and Requests for Production 1-5. Interrogatory No. 1 requests that iPayOne "[i]dentify and describe every trade secret you contend Redfin misappropriated." Dkt. # 37 Ex. 14. iPayOne provided an Amended Trade Secret Identification that provides "all of the information it has that is responsive to this request." Dkt. # 40. iPayOne also contends that additional information was provided to

---

[1] The Court notes that it is concerning that iPayOne is unable to recollect the specifics of what information it provided to Redfin and that it contends that its identification of the alleged trade secrets would be supplemented following production of documents by Redfin. Dkt. # 37 Ex. 11; Dkt. # 38. The Court stresses that this finding is specific to its application under § 2019.210 and for the purposes of this Motion.

4

Redfin, but does not recall what that information is. *Id*. Redfin argues that iPayOne's response is not sufficiently detailed and thus, it cannot determine what iPayOne believes it has misappropriated.

Setting aside iPayOne's admission that it does not recall what information was given to Redfin and thus cannot recall all of the trade secrets that were allegedly misappropriated, Redfin's request that the Court compel iPayOne to answer Interrogatory 1 to its satisfaction is essentially a request that the Court determine whether iPayOne has defined its trade secrets to the extent required to state a claim for trade secret misappropriation. It is not appropriate for the Court to make that determination at this stage in the proceedings. iPayOne represents that it answered Redfin's Interrogatory 1 to the best of its ability, and a motion to compel is not the proper procedural avenue for Redfin to pursue a ruling on whether iPayOne has sufficiently stated a claim for trade secret misappropriation. Redfin's Motion to Compel is **DENIED** as to Interrogatory 1.

Similarly, iPayOne represents that it also answered Interrogatories 2 and 3 to the best of its ability. Dkt. # 40. The Court accepts this representation. Redfin provides no convincing argument that the iPayOne's answers are a refusal to respond as opposed to answers that do not provide the information that Redfin is presuming may exist. For example, Interrogatory 2 asks iPayOne to "[i]dentify and describe every instance in which the trade secrets you contend were misappropriated by Redfin were disclosed by you to any third party." iPayOne responded "none." Dkt. # 37 Ex. 14. It is clear from this response that iPayOne contends that there is no instance in which these alleged trade secrets were disclosed to a third party and not, as Redfin contends, that iPayOne is simply refusing to answer the question at all. Redfin's Motion to Compel is **DENIED** as to Interrogatories 2 and 3.

Interrogatory 4 requests that iPayOne "[i]dentify and describe the value you contend is derived from the alleged secrecy of your trade secrets that were allegedly

misappropriated by Redfin." Dkt. # 37 Ex. 14. The parties appear to have different interpretations of the word "value". While a trade secret must derive value from not being generally known, this is not an indication that iPayOne must know the exact amount of damages it intends to seek at this stage in litigation. iPayOne provides no convincing argument why it cannot describe the value its alleged trade secrets derive from their secrecy. Redfin's Motion to Compel is **GRANTED** as to Interrogatory 4.

Interrogatory 5 asks iPayOne to "[i]dentify and describe each and every instance of Redfin's alleged breach of the NDA." Dkt. # 37 Ex. 14. iPayOne alleges that Redfin used the marketing practices identified in its Amended Trade Secret Identification but does not know how Redfin used these practices because Redfin has not provided iPayOne with discovery. The Court agrees with Redfin that iPayOne must have a good faith basis to file its breach of contract claim and must provide relevant and responsive discovery in order to allow Redfin to defend against that claim. iPayOne's contention that it does not know exactly how Redfin breached the NDA is not a sufficient response to this Interrogatory. Redfin's Motion to Compel is **GRANTED** as to Interrogatory 5.

Interrogatory 6 asks which communications between iPayOne and Redfin were subject to the NDA. Dkt. # 37 Ex. 14. iPayOne contends that it does not have a record of these communications and cannot provide that information. Communications subject to the NDA provide the basis of iPayOne's breach of contract claim. iPayOne must have a good faith basis to file its breach of contract claim, and must provide this information in response to relevant discovery requests. Redfin's Motion to Compel is **GRANTED** as to Interrogatory 6.

Finally, iPayOne contends that it has produced all of the documents it possesses in response to Redfin's Requests for Production. Redfin makes no argument that it has any knowledge of any other documents that iPayOne possesses that it is refusing to produce and acknowledges that iPayOne may have produced all of the documents that it

has that are responsive to Redfin's requests. Dkt. # 43. Therefore, Redfin's Motion to Compel is **DENIED** as to its Requests for Production.

### III. CONCLUSION

For the reasons stated above, Redfin's Motion to Seal (Dkt. # 35) is **DENIED,** Redfin's Motion for Protective Order (Dkt. # 25) is **DENIED**, and Redfin's Motion to Compel (Dkt. # 36) is **GRANTED** as to Interrogatories 4-6, and **DENIED** as to Interrogatories 1-3 and the Requests for Production.

SO ORDERED this 20th day of March, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge